COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

MARIA ESPERANZA VELEZ,                            )                    No. 
08-01-00246-CV

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                       65th District Court

                                                                              )

CHARLES JOHN MITSAK,                                )                 of El Paso County, Texas

                                                                              )

Appellee.                           )                     (TC# 2001-CM-3717)

 

 

OPINION
ON MOTION CLARIFICATION

 

Appellant,
Maria Esperanza Velez, has filed a motion for clarification of our judgment
alleging that Charles John Mitsak has filed a notice of nonsuit in the trial
court below.  Velez contends that this
procedural maneuver was designed to obviate our ruling and to avoid returning
Ezra to the jurisdiction of the Texas courts. 
In response, Mitsak concedes that the order granting the nonsuit is void
and without effect but suggests that we may treat it as a premature filing
which becomes effective upon the expiration of our plenary power.  We wish it were that easy.  Our prior opinion recognized Athat Mitsak and Ezra have left the
jurisdiction and that our ruling necessitates their return.@ 









As
is true with most contested custody litigation, the parties ascribe ill will,
evil motives, and bad faith toward one another. 
We reiterate that without an evidentiary record properly before us, we
cannot and do not ascertain the legitimacy of these complaints.  It is the function of the trial court to do
so as  he is the sole judge of the credibility
and demeanor of the witnesses.  The
proper exercise of his authority, however, necessitates the presence of the
parties and the child within the jurisdiction of the court.  Nevertheless, we agree with Mitsak that the
trial court is in the better position to determine the conditions of the return
and the specifics of the order.  

The
motion for clarification is granted in part. 
We reverse and remand to the trial court for further proceedings.  The trial court is directed to order the
return of the child to the jurisdiction of the court upon the terms and
conditions he deems appropriate.

 

 

October 23, 2002

                                                                         


ANN CRAWFORD
McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Publish)